# Cleveland & Co. *versus* Sterrett.

1. Defendants agreed to " deliver to plaintiff at their works at Mill Creek or on their platform at the railroad 240 barrels of oil," of quality named, &c., " any time between July 1st and December 1st," on plaintiff " giving ten days" notice at his option ;" the plaintiff to pay 36 cents per gallon, &c., $1000 to be paid July 1st, $1000 on August 1st, and balance on delivery. *Held*, by the contract the defendants were to be the actors and to be ready to deliver the oil at one of the places named on the 1st of December, unless plaintiff by his option had demanded an earlier delivery.

2. The last day defendants had for performance was December 1st.

3. The plaintiff paid $2000 ; defendants not being ready to deliver on December 1st, the plaintiff might rescind and recover back the money he had paid.

4. The defendants not being ready to comply with their contract could not demand the money from the plaintiff, nor recover damages for his refusal to receive the oil after December 1st.

[Cleveland *v.* Sterrett.]

November — 1871.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county:* No. 35, to October and November Term 1871.

On the 1st of October 1867, James S. Sterrett brought an action of assumpsit against W. L. Cleveland and others, trading as Cleveland & Co.   The action was in rescission of the contract hereafter given and to recover back $2000, the money paid by the plaintiff under it, upon the allegation that the defendants had refused to comply with their part of the contract, to wit:

" This agreement, made this 26th day of May 1866, between Cleveland & Co., of Erie, of the first part, and James S. Sterrett, of the same place, of the second part, witnesseth: That the party of the first part agrees to make and deliver at their works, or on their platform at the railroad in Mill Creek, 240 barrels oil, standard white, fire test 110° by New York inspection, to be put up in good sound barrels, well glued and painted blue, with yellow heads, said oil to be delivered any time between the first of July and the first day of December, on the party of the second part giving ten days' notice at his option.   In consideration of the above, the party of the second part agrees to pay thirty-six cents per gallon, and furnish certificate of exportation, or pay twenty cents per gallon tax, or make the oil free, let the tax be more or less.   The payment to be made as follows: one thousand dollars on the first day of July, and one thousand dollars on the first day of August 1866, the balance on the delivery of the oil.

CLEVELAND & Co.<br>JAMES S. STERRETT."

The case was tried December 9th 1870, before Wetmore, P. J.

The plaintiff gave the contract in evidence and testified that he had paid $2000 upon it.   His evidence was that on December 1st 1866, he went with Vinton M. Thompson and James Kennedy to the defendants' refinery, when the plaintiff informed Cleveland, that he had sold his contract to Thompson and that Thompson was ready to receive the oil and comply with the contract; Cleveland said, he had no "standard white."   Thompson said he had made his arrangements and wanted the oil on that day: Cleveland said he was entitled to ten days' notice and then Thompson could have it.   In the following week, Cleveland notified plaintiff that the oil was ready.   He informed Cleveland that Thompson owned the contract and he would be satisfied with what Thompson should do.   On the 10th of December Thompson met Cleveland and told him, he was going to see the oil at the refinery, Cleveland said "You need not go, I have sold the oil." Thompson re-assigned the contract to the plaintiff some time after the 7th of December.

The defendants gave evidence in conflict with the plaintiff's. They gave evidence also that on the 19th of November, Cleveland had an interview with the plaintiff, in which plaintiff said he would let him know when he should want the oil, and Cleveland said he would not be in haste as to the payment of the remaining purchase-money; together with other facts which would tend to induce the defendants to believe that he would not demand the oil until after ten days' notice; that Cleveland told plaintiff and Thompson on December 1st that defendants were entitled to ten days' notice, and he would deliver the oil in ten days, or as fast as he could get it ready.

There was evidence that oil had fallen much below the contract price, and that a compliance with the contract would have subjected plaintiff to a much greater loss than the amount of money paid by him.

The following are points of the plaintiff, all which were affirmed:—

1. The contract of the 26th of May 1866 required the defendants to deliver the oil at one of the places designated to the plaintiff on the 1st day of December 1866, without qualification. It also bound them to deliver the same at any time after the first day of July 1866, and before the first day of December 1866, upon the plaintiff giving them ten days' notice to do so.

2. In a contract for the delivery of specific articles, the *vendor* must be the *actor*, and cannot be excused from the performance unless released by the vendee for a valuable consideration.

3. In order to fill the contract in this case, it was necessary for the defendants to have put up oil of their own manufacture, in good sound barrels, &c., * * * and set apart and designate the same at their works, or on their railroad platform, by the first day of December 1866, and hold it then for the plaintiff. That by so doing the oil would have been the plaintiff's, and the defendant's contract would have been fulfilled.

4. It appearing that the defendants have received the plaintiff's money to the amount of two thousand dollars, they must show that they have fulfilled all these stipulations *to the letter* before they can be permitted to retain any part of the plaintiff's money, principal or interest, and must prove that the oil was of the exact quality contracted for, that the barrels in which it was put up were in color and quality as specified, and delivered and kept on hand for the plaintiff, as specified in plaintiff's third point, otherwise the plaintiff is entitled to recover the $2000 with interest from the time it was received by the defendants from him.

5. The word "deliver," in the contract, would not be satisfied by merely having on hand in tank or in defendants' cellar in barrels, not set apart for the plaintiff, even if the oil were of the exact quality specified in the contract.

[Cleveland v. Sterrett.]

6. If the defendants had got the oil all in readiness for the plaintiff they could call on him for 36 cents per gallon, and to procure a certificate of transportation or to pay the 20 cents per gallon to make the oil free, and not before.

The following are points of the defendants, with their answers :—

1. Under all the evidence in this case, the plaintiff cannot rescind the contract and recover back the money paid on it, as the plaintiff received the benefit of the contract by enjoying and holding the option to take the oil at any time until the first of December, on ten days' notice.　The contract being partially executed by both parties, the proper remedy is an action upon the contract, and not in rescinding it or treating it as rescinded by the plaintiff.

2. Time was not made an ingredient of the essence of the contract, and therefore the plaintiff could not demand the oil the last day, to wit, the first day of December, and on failure to deliver that day treat the contract as rescinded, and refuse to receive the oil in a reasonable time thereafter : the contract provides for ten days' notice.

Both were answered in the negative.

6. If the jury believe that Sterrett took Kennedy and Thompson to Cleveland's place of business on the first of December, knowing the defendant was not ready, from his, plaintiff's own management and procurement, and not with the intention of taking the oil, took no money to pay for it, or inspector to inspect it, as he was bound by his contract, and that his demand was a mere trick and scheme to get rid of an unprofitable contract, then the plaintiff cannot recover.

Answer : " It was not necessary for the plaintiff to take the money with him at the time to pay for it, or inspector to inspect it.　With this exception the point is affirmed."

7. If the jury believe the evidence of both parties, that the oil was demanded on that day by plaintiff, and that defendant was told by plaintiff that he would not receive the oil at all thereafter, then the defendant was at liberty to take him at his word, and was not bound to tender the oil thereafter, but might treat the contract as at an end, and recover the damage he sustained by the plaintiff's refusal to comply with his contract.

Answer : Affirmed, except this clause, " Could recover the damage he here sustained by the plaintiff's refusal to comply with his contract."

The court charged : * * * [" If you believe from the evidence of plaintiff, and the two witnesses who accompanied him, that the defendant declined for the reason then and there given, as to refusal by them to deliver the oil, this authorized plaintiff to treat the contract a srescinded, and sue for and recover the money paid by him, with interest from the time of payment to this date.]

" The defendant claims that on the day the oil was demanded the

[Cleveland *v.* Sterrett.]

difference between the price of oil named in the contract and the market value thereof exceeded, by several hundred dollars, the amount of money paid on the contract, and that compliance was a damage to plaintiff. Defendant further claims from the evidence that on the 19th day of November plaintiff talked with him about storing the oil, and at a former time advised as to the best thing to be done with it. If you believe from the evidence plaintiff did, on the 19th day of November, say to defendant he should have all the time that was necessary to get the oil ready, and that he, defendant, need give himself no uneasiness about the matter, defendant at the same time saying to plaintiff he would not require him to pay the money on the contract at the time it was due, and defendant was misled thereby, and did not tender the performance of the contract and deliver the oil as required by the contract, then plaintiff [could not, on the first day of December, demand the oil, and on refusal or inability then and there to comply, claim that the contract was rescinded, and sustain this suit. Defendant cannot, under the pleading and evidence, claim a certified balance."

The verdict was for the plaintiff for $2524.75.

The defendants removed the record to the Supreme Court, and there assigned for error—.

1. The portion of the charge in brackets.

2, 3. The answers to the defendants' 1st and 2d points.

6, 7. The answers to the defendants' 6th and 7th points.

10. Affirming the plaintiff's 1st and 2d points.

11–14. Affirming the plaintiff's 3d, 4th, 5th and 6th points.

*G. W. De Camp,* for plaintiffs in error, cited Forsyth *v.* North American Oil Co., 3 P. F. Smith 168; Fry on Specific Performance 319, pl. 720.

*S. E. Woodruff,* for defendant in error, cited Fleming *v.* Potter, 7 Watts 380; Townsend *v.* Wells, 3 Day's R. 327; Musselman *v.* Stoner, 7 Casey 265; Rowland *v.* Lehigh C. and N. Co., 4 Id. 215; Story on Sales, §§ 296, 389, 391, 412; Hutchinson *v.* Hunter, 7 Barr 140; Roberts *v.* Beatty, 2 Penna. R. 67; Bush *v.* Canfield, 2 Conn. R. 485; Long on Sales 241; Giles *v.* Edwards, 7 Tenn. R. 181.

The opinion of the court was delivered, January 9th 1872, by

AGNEW, J.—A careful examination of this case leads us to the conclusion, notwithstanding the numerous assignments of error, that the court below committed no substantial error. Seven of the assignments depend on the proper interpretation to be given to the contract of May 26th 1866, and this therefore is the first matter to be noticed.

Cleveland & Co. agreed to make and deliver at their works, *or* on their platform at the railroad in Mill Creek, 240 barrels of oil, standard white, fire test 110 degrees by New York inspection, in good sound barrels, well glued and painted blue with yellow heads, at any time between the 1st of July and the 1st of December, on Sterrett giving ten days' notice at his option. In consideration of this agreement Sterrett agreed to pay at the rate of thirty-six cents a gallon in two specified instalments and the balance on delivery, and to adjust the government tax in order to allow exportation. It is evident that in this contract Cleveland & Co. were the actors, and were to make and be ready at their works or on their platform to deliver the oil in the quantity according to the quality, and in the barrels required. The substantial part of their agreement was to make and deliver to Sterrett 240 barrels of oil, and the last day they had for performance was the 1st day of December. Clearly they were bound therefore to be ready, and to have the oil in barrels at their works or on their platform on the 1st day of December unless, by the exercise of his option, Sterrett had demanded delivery at an earlier date. This by the contract he could do, on giving the required ten days' notice, to enable the defendants to be ready, at the time specified in the notice, to deliver at the works or on the platform. But failing to exercise his option and give the notice, it is plain the contract fixed the time of delivery as the 1st day of December, for beyond this date Cleveland & Co. had reserved no day of grace. It is very clear on all the evidence Cleveland & Co. were not ready then to deliver, and their failure gave Sterrett the right to rescind and recover back the money paid on the contract, unless Sterrett had waived performance at the day, and this question was fairly submitted to the jury, and found by them against the defendants. This interpretation of the contract disposes of the 1st, 2d, 3d, 10th, 11th, 12th, 13th and 14th assignments of error; and the finding of the fact by the jury that the defendants failed to make and to be ready to deliver the oil on the 1st day of December, according to the contract, disposes of the qualification of the answers to the defendant's 6th and 7th points. The defendants, not being ready to deliver the oil and comply with their contract, could not demand the money of the plaintiffs, nor recover damage from the plaintiff for his refusal to receive the oil after the 1st of December. These are the only assignments of error which need to be noticed, and finding no substantial error in the record,

The judgment is affirmed.